## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | Case No. 20-11116 |
| CHARLOTTE ANN FARRAR, | ) | |
| | ) | Chapter 13 |
| Debtor. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. |
| | ) | |
| CHARLOTTE ANN FARRAR, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

The United States of America, by and through Stephen R. McAllister, United States Attorney for the District of Kansas, and Brian D. Sheern, Assistant United States Attorney, hereby files its Complaint to Determine Dischargeability of Debt, alleging as follows:

1.  This is a core proceeding under 28 U.S.C. §§ 157(b)(1) and 157(b)(2)(I).

2.  This Court has jurisdiction over these matters under the provisions of 28 U.S.C. §§ 157(a) and 1334.

3.  Venue is appropriate in the District of Kansas under 28 U.S.C. § 1409.

4.  The United States alleges that the debt owed to the Social Security Administration ("SSA" or the "agency") by Charlotte Ann Farrar ("Debtor-Defendant") is not dischargeable and objects to discharge of its debt pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 1328(a)(2), Fed. R. Bankr. 4007(a), and Fed. R. Bankr. P. 7001(6).

5.	As a creditor in Debtor-Defendant's Chapter 13 bankruptcy proceeding, the United States has standing to bring a complaint to determine the dischargeability of its debt pursuant to 11 U.S.C. § 523(c)(1).

6.	On September 2, 2020, Debtor-Defendant filed her petition for relief under Chapter 13 of the Bankruptcy Code. *See* Docket Sheet No. 1 (Bankr. Case No. 20-11116). In Schedule E/F, Debtor-Defendant listed SSA as an unsecured, nonpriority creditor to whom she owes an overpayment debt of $16,500.00. *See id.* at 26.

7.	On September 28, 2012, Debtor-Defendant applied for retirement insurance benefits under Title II of the Social Security Act ("Retirement Benefits"). *See* Exhibit 1 (Application Summary for Retirement Insurance Benefits).

8.	In her application, Debtor-Defendant requested that her Retirement Benefits begin in October 2012, and she represented to SSA that she was "Laid Off 9/2012," that her employment ended on September 20, 2012, and that she "plan[ed] to retire." *See* Exhibit 1 at 2, 7-8.

9.	Debtor-Defendant further represented that she would earn "$0" in 2013, and that she would earn less than $1,220 in all 12 months of 2013. *See* Exhibit 1, at 7-8.

10.	Debtor-Defendant affirmed that the representations in her application were true. *See* Exhibit 1, at 2.

11.	On the date she applied for Retirement Benefits, Debtor-Defendant was 62 years old. *See* Exhibit, at 1.

12.	Debtor-Defendant's "full retirement age" for purposes of Retirement Benefits is 66 years old. *See* 20 C.F.R. § 404.409(a).

13.	When a Social Security beneficiary receives Retirement Benefits in years prior to the year she attains full retirement age, the agency withholds $1.00 in benefits for every $2.00 of

earnings that exceed the retirement earnings test "lower exempt amount." *See* 20 C.F.R. § 404.430(a); Exhibit 2 (table of Exempt Amounts Under the Earnings Test).

14.     Debtor-Defendant's application included a notice regarding her reporting responsibilities should she be approved for Retirement Benefits. *See* Exhibit 1, at 3.

15.     The agency provided Debtor-Defendant specific instructions for how to report changes in her work or wages via telephone, mail, or in person. *See* Exhibit 1, at 4.

16.     The agency informed Debtor-Defendant that she was responsible for reporting "AT ONCE" if her work pattern, total earnings, or wages changed. *See* Exhibit 1, at 3.

17.     The agency further notified Debtor-Defendant that "FAILURE TO REPORT MAY RESULT IN OVERPAYMENTS THAT MUST BE REPAID, AND IN POSSIBLE MONETARY PENALITIES." *See* Exhibit 1, at 3.

18.     On October 9, 2012 relying on Debtor-Defendant's representations to the agency, SSA awarded her Retirement Benefits beginning in October 2012. *See* Exhibit 3, at 1 (Notice of Award, dated October 9, 2012).

19.     In her Notice of Award, SSA informed Debtor-Defendant that her benefits were based on the information she gave to SSA in her application. *See* Exhibit 3, at 1.

20.     As a result, the Notice of Award informed Debtor-Defendant that it was important that she report any changes in her information to the agency "right away" because those changes could affect her benefits. *See* Exhibit 3, at 1.

21.     On October 29, 2012, relying on Debtor-Defendant's representations to the agency, SSA additionally awarded her spousal benefits beginning in October 2012. *See* Exhibit 4 (Notice of Award, dated October 29, 2012).

22.     In her Notice of Award for spousal benefits, SSA again informed Debtor-Defendant that her benefits were based on the information she provided in her application. *See* Exhibit 4, at 2.

23.     SSA again informed Debtor-Defendant of her obligation to report any changes to the information she provided "right away." *See* Exhibit 4, at 2.

24.     In January 2013, Debtor-Defendant returned to work, earning $66,539.00 in 2013. *See* Exhibit 5 (earnings questionnaire, signature dated August 1, 2014).

25.     The 2013 earnings limit for Retirement Benefits was $15,120.00, or $1,260.00 per month. *See* Exhibit 2, at 2.

26.     Debtor-Defendant earned more than $1,260.00 during 10 of the 12 months in 2013. *See* Exhibit 5, at 1.

27.     Debtor-Defendant did not report her change in work or earnings to SSA when she returned to work in January 2013.

28.     Debtor-Defendant's 2013 earnings of $66,539.00 exceeded SSA's 2013 earnings limit of $15,120.00 for Retirement Benefits. *See* Exhibits 2 and 5.

29.     Based on Debtor-Defendant's earnings, all of her 2013 Retirement Benefits should have been withheld. *See* Exhibit 6, at 1 (Notice of Change in Benefits, dated October 19, 2015).

30.     Debtor-Defendant continued to work in 2014, earning $74,073.00 in that year. *See* Exhibit 7 (earnings enforcement alert, dated May 15, 2015).

31.     The 2014 earnings limit for Retirement Benefits was $15,480.00. *See* Exhibit 2.

32.     Based on Debtor-Defendant's earnings, all of her 2014 Retirement Benefits should have been withheld. *See* Exhibit 6, at 1.

33.     On August 1, 2014, following an inquiry by SSA, Debtor-Defendant reported for the first time that she had returned to work in January 2013, and she reported she earned $66,539.00 in 2013.  *See* Exhibit 5.

34.     Debtor-Defendant never reported her 2014 earnings to the agency.

35.     The agency did not learn of Debtor-Defendant's 2014 earnings until it received an enforcement alert on her earnings record in May 2015.  *See* Exhibit 7.

36.     On October 19, 2015, SSA notified Debtor-Defendant that it determined she had been overpaid a total a total of $22,587.00 in Social Security benefits from January 2013 through December 2014 due to her work activity and earnings in excess of the limit for Retirement Benefits (the "2013 and 2014 overpayment").  *See* Exhibit 6, at 1.

37.     On January 21, 2016, Debtor-Defendant filed a petition for relief under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Kansas (Bankr. Case No. 16-10072).

38.     On April 15, 2016, the United States filed a Complaint to Determine Dischargeability of Debt requesting that the Court deny Debtor-Defendant a discharge of her 2013 and 2014 overpayment debt to SSA (Adv. Case No. 16-5057) ("2016 Complaint").

39.     After the United States filed its 2016 Complaint, Debtor-Defendant informed the agency for the first time that she had continued to work and earn wages in 2015.

40.     Based on Debtor-Defendant's earnings, all of her 2015 Retirement Benefits should have been withheld.  *See* Exhibit 8, at 1 (Notice of Overpayment, dated May 30, 2016).

41.     On May 30, 2016, SSA notified Debtor-Defendant that it determined that she had been overpaid $18,395.20 in Social Security benefits from January 2015 through December 2015

due to her earnings in excess of the 2015 earnings limit for Retirement Benefits (the "2015 overpayment"). *See* Exhibit 8, at 1.

42.     Debtor-Defendant's combined overpayment balance was then $40,982.20, including both the 2013 and 2014 overpayment and the 2015 overpayment. *See* Exhibit 8, at 1.

43.     On June 20, 2016, the bankruptcy court approved an Agreed Journal Entry of Judgment submitted by Debtor-Defendant and the United States in which Debtor-Defendant stipulated that she owed SSA a debt of "at least $40,982.20, which is excepted from discharge under 11 U.S.C. § 523(a)(2)(A) and § 1328(a)(2)." *See* Exhibit 9, at ¶ 4 (Agreed Journal Entry of Judgment, approved by the Court on June 20, 2016).

44.     Debtor-Defendant further stipulated that her $40,982.20 debt to SSA, representing the combined 2013 and 2014 overpayment and the 2015 overpayment, was "incurred based on false pretenses, a false representation, or actual fraud, and that this judgment shall not be dischargeable in this or **any subsequent bankruptcy proceeding**." *See* Exhibit 9, at ¶ 5 (emphasis added).

45.     As of the date of the bankruptcy petition in her present Chapter 13 case, Debtor-Defendant's net overpayment balance for the 2013, 2014, and 2015 overpayment is $15,817.10.

46.     The agency informed Debtor-Defendant when she applied for Retirement Benefits in September 2012, and in multiple subsequent notices, that she had a duty to report her work activity "right away," and that it was relying on her representations regarding her work activity and income in determining her eligibility for benefits.

47.     Debtor-Defendant knew she had a duty to report her work activity.

6

48.     By failing to report her work activity and wages that would have reduced her Retirement Benefits to zero, Debtor-Defendant knowingly made a false representation about her work activity with the intent to deceive the SSA about her eligibility to receive benefits.

49.     The agency justifiably relied on Debtor-Defendant's representation and continued to pay her Retirement Benefits.

50.     Debtor-Defendant's representation caused SSA to overpay Debtor-Defendant in the amount of $40,982.20 in Retirement Benefits from January 2013 through December 2015.

51.     This overpayment debt to SSA should be excepted from discharge pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 1328(a)(2) because it accrued as a result of Debtor-Defendant's false pretenses, false representations, or actual fraud, and because Debtor-Defendant stipulated to the debt's non-dischargeability on this basis in the Agreed Journal Entry of Judgment approved by the Court on June 20, 2016, as Doc. 7 in Adv. Case No. 16-5057.

WHEREFORE, the United States respectfully requests that the Court deny Debtor-Defendant a discharge of her debt to SSA under 11 U.S.C. §§ 523(a)(2)(A) and 1328(a)(2) and award the United States such other relief as it deems equitable and appropriate.

Respectfully submitted,

STEPHEN R. MCALLISTER
United States Attorney

By

*/s/Brian D. Sheern*
Brian D. Sheern, Ks.S.Ct.No. 21479
Assistant United States Attorney
1200 Epic Center
301 N. Main
Wichita, KS 67202
Telephone:  (316) 269-6481
Facsimile:  (316) 269-6484
Email:  brian.sheern@usdoj.gov

7

OF COUNSEL

Lisa A. Thomas
Regional Chief Counsel, Region VII
Social Security Administration

By

Joshua R. Sumner, MO Bar #65220
Assistant Regional Counsel

### Certificate of Service

I hereby certify that on December 11, 2020, I electronically submitted the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronically filing to the following:

Dana Manweiler Milby
***Attorney for Debtor-Defendant***

Carl B. Davis
***Chapter 13 Trustee***

I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

Charlotte Ann Farrar
108 N. Parkwood Ln.
Wichita, KS 67208

*/s/Brian D. Sheern*
Brian D. Sheern
Assistant United States Attorney

8

```
--------- -------
: UNIT: ████    :
:                :
:                :
:                :
:                :
:                :
:                :
-------------------
```

CHARLOTTE ANN FARRAR
████████████████

APPLICATION SUMMARY FOR RETIREMENT INSURANCE BENEFITS

On September 28, 2012, we talked with you and completed your application for
SOCIAL SECURITY BENEFITS. We stored this information electronically in our
records. We are enclosing a summary of your statements.

I APPLY FOR ALL INSURANCE BENEFITS FOR WHICH I AM ELIGIBLE UNDER TITLE II
(FEDERAL OLD-AGE, SURVIVORS, AND DISABILITY INSURANCE) AND PART A OF TITLE
XVIII (HEALTH INSURANCE FOR THE AGED AND DISABLED) OF THE SOCIAL SECURITY ACT,
AS PRESENTLY AMENDED.

MY NAME IS CHARLOTTE ANN FARRAR.

I HAVE USED THE FOLLOWING NAME(S):
████████████████

MY SOCIAL SECURITY NUMBER IS ████ 6862.

MY DATE OF BIRTH IS ████████ 1950.

I AM A CITIZEN OF THE UNITED STATES.

A PREVIOUS APPLICATION HAS BEEN FILED WITH THE SOCIAL SECURITY ADMINISTRATION
BY OR FOR ME.

I AM NOT FILING FOR SSI BECAUSE I AM NOT DISABLED, BLIND, OR WITHIN 2 MONTHS OF
AGE 65 OR OLDER.

I AM NOT MARRIED NOW.

I WAS PREVIOUSLY MARRIED TO ████████████ ON ████████████ IN ██ BY A
CLERGYMAN OR PUBLIC OFFICIAL. THE MARRIAGE ENDED BY DIVORCE ON ████████ IN
██. MY FORMER SPOUSE'S DATE OF DEATH IS ████████████.

I WAS PREVIOUSLY MARRIED TO ████████████ ON ████████████ IN ██ BY A CLERGYMAN
OR PUBLIC OFFICIAL. THE MARRIAGE ENDED BY DIVORCE ON ████████████ IN ██ MY
FORMER SPOUSE'S AGE OR DATE OF BIRTH IS ████████████.

NH ███ 6862                              SG-SSA-1

I DO NOT HAVE ANY CHILDREN UNDER AGE 18; AGE 18-19 ATTENDING ELEMENTARY OR
SECONDARY SCHOOL FULL TIME; OR AGE 18 OR OVER AND DISABLED BEFORE AGE 22 WHO
MAY BE ELIGIBLE FOR SOCIAL SECURITY BENEFITS ON THIS RECORD. THIS INCLUDES
CHILDREN WHO MAY OR MAY NOT BE LIVING WITH ME.

THE SOCIAL SECURITY ADMINISTRATION HAS MY PERMISSION TO CONTACT MY EMPLOYERS.

I AM NOT ENTITLED TO NOR DO I EXPECT TO BECOME ENTITLED TO A PENSION OR ANNUITY
BASED IN WHOLE OR IN PART ON WORK AFTER 1956 NOT COVERED BY SOCIAL SECURITY.

I WANT BENEFITS BEGINNING WITH October 2012.

REMARKS:
I AGREE WITH THE EARNINGS AS SHOWN ON MY SOCIAL SECURITY STATEMENT.

I KNOW THAT ANYONE WHO MAKES OR CAUSES TO BE MADE A FALSE STATEMENT OR
REPRESENTATION OF MATERIAL FACT IN AN APPLICATION OR FOR USE IN DETERMINING A
RIGHT TO PAYMENT UNDER THE SOCIAL SECURITY ACT COMMITS A CRIME PUNISHABLE UNDER
FEDERAL LAW BY FINE, IMPRISONMENT OR BOTH. I AFFIRM THAT ALL INFORMATION I HAVE
GIVEN IN CONNECTION WITH THIS CLAIM IS TRUE.

MY TELEPHONE NUMBER IS ███████

REPORTING RESPONSIBILITIES FOR RETIREMENT INSURANCE BENEFITS

CHARLOTTE ANN FARRAR

████████████

_____

CHANGES TO BE REPORTED AND HOW TO REPORT

FAILURE TO REPORT MAY RESULT IN OVERPAYMENTS THAT MUST BE REPAID, AND IN POSSIBLE MONETARY PENALTIES

- o   You change your mailing address for checks or residence. To avoid delay in receipt of checks you should ALSO file a regular change of address notice with your post office.

- o   Your citizenship or immigration status changes.

- o   You go outside the U.S.A. for 30 consecutive days or longer.

- o   Any beneficiary dies or becomes unable to handle benefits.

- o   Work changes - On your application you told us you expect total earnings for _____ to be $_____.

  You ____ (are) ____ (are not) earning wages of more than $_____ a month.

  You ____ (are) ____ (are not) self-employed rendering substantial services in your trade or business.

  (Report AT ONCE if this work pattern changes)

- o   You are confined to jail, prison, penal institution or correctional facility for conviction of a crime or you are confined to a public institution by court order in connection with a crime.

- o   You have an unsatisfied warrant for your arrest for a crime or attempted crime that is a felony (or, in jurisdictions that do not define crimes as felonies, a crime that is punishable by death or imprisonment for a term exceeding 1 year).

- o   You have an unsatisfied warrant for a violation of probation or parole under Federal or State law.

- o   Your stepchild is entitled to benefits on your record and you and the stepchild's parent divorce. Stepchild benefits are not payable beginning with the month after the month the divorce becomes final.

NH ████ 6862                         SG-SSA-1

o  Custody Change - Report if a person for whom you are filing, or who is in
   your care dies, leaves your care or custody, or changes address.

o  Change of Marital Status - Marriage, divorce, annulment of marriage.

o  You become entitled to a pension or annuity based on your employment
   after 1956 not covered by Social Security, or if such pension or annuity
   stops.

HOW TO REPORT

You can make your reports by telephone, mail, or in person, whichever you
prefer.

If you are awarded benefits, and one or more of the above change(s) occur, you
should report by:

o  Calling us TOLL FREE at 1-800-772-1213;

o  If you are deaf or hearing impaired, calling us TOLL FREE at TTY
   1-800-325-0778; or

o  Calling, visiting or writing your local Social Security Office at the
   phone number and address above.

For general information about Social Security, visit our website at
www.socialsecurity.gov

For those under full retirement age, the law requires that a report of earnings
be filed with SSA within 3 months and 15 days after the end of any taxable year
in which you earn more than the annual exempt amount. You may contact SSA to
file a report. Otherwise, SSA will use the earnings reported by your
employer(s) and your self-employment tax return (if applicable) as the report
of earnings required by law and adjust benefits under the earnings test. It is
your responsibility to ensure that the information you give concerning your
earnings is correct. You must furnish additional information as needed when
your benefit adjustment is not correct based on the earnings on your record.

_____
                        NOTICE ABOUT DOCUMENTS

We recommend that you keep all documents you submitted to us.
____  We are returning the documents you submitted with this claim.
_____

             Collection and Use of Information From Your Application -
               Privacy Act Notice / Paperwork Reduction Act Notice

The Social Security Administration is authorized to collect the information
requested on this form under sections 202, 205 and 223 of the Social Security
Act. The information you provide will be used by the Social Security
Administration to determine if you or a dependent is eligible to insurance
coverage and/or monthly benefits. You do not have to give us the requested
information. However, if you do not provide the information, we will be unable
to make an accurate and timely decision concerning your entitlement or a
dependent's entitlement to benefit payments.


The information you provide may be disclosed to another Federal, State or local government agency for determining eligibility for a government benefit or program, to a Congressional office requesting information on your behalf, to an independent party for the performance of research and statistical activities, or to the Department of Justice for use in representing the Federal Government.

We may also use this information when we match records by computer. Matching programs compare our records with those of other Federal, State, or local government agencies. Many agencies may use matching programs to find or prove that a person qualifies for benefits paid by the Federal government. The law allows us to do this even if you do not agree to it.

Explanations about these and other reasons why information you provide may be used or given out are available in Social Security offices. If you want to learn more about this, contact any Social Security office.

Paperwork Reduction Act Statement - This information collection meets the requirements of 44 U.S.C. 3507 as amended in section 2 of the Paperwork Reduction Act of 1995. You do not need to answer these questions unless we display a valid Office of Management and Budget control number. We estimate that it will take about 10.5 minutes to read the instructions, gather the facts and answer the questions. SEND OR BRING THE COMPLETED FORM TO YOUR LOCAL SOCIAL SECURITY OFFICE. The office is listed under U.S. Government agencies in your telephone directory or you may call Social Security at 1-800-772-1213. You may send comments on our time estimate above to: SSA, 6401 Security Blvd. Baltimore MD 21235-6401. Send only comments relating to our time estimate to this address, not the completed form.

Your benefit application was received on September 27, 2012 at 10:25:25 PM.

Identification : Initial Information

Applicant Identification
Applicant Name: Charlotte Ann Farrar
Social Security Number: █████ 6862
Gender: Female
Date of Birth: ████████████ 1950

Contact Information

Mailing Address
Applicant Address: ████████████████████████████████████
Reside at this address: Yes

Phone and Email
Daytime telephone number: ████████████████ --- Mobile
Best time to call: Anytime between 9 a.m. and 5 p.m.
Email address: ███████████████████
Confirm Email Address: █████████████████

Language Preferences
Preferred language for speaking: ENGLISH
Preferred language for reading: ENGLISH

Birth and Citizenship Information
Place of Birth: ████████████
U.S. Citizen: Yes
Type of Citizenship: US citizen born inside US

Identification : Personal Information

Other Social Security Numbers and Names

Other Social Security Numbers
Any other Social Security Numbers used: No

Other Names
Any other names used: Yes
Other Name 1: ████████████
Other Name 2: ██████████████████████
Other Name 3:
Other Name 4:
Other Name 5:

Disability
During the last 14 months unable to work because of illnesses, injuries or
conditions that have lasted or are expected to last at least 12 months or can
be expected to result in death: No
Blind: No

General : Family

Marriage Information
Currently married: No

Prior Marriages
Any prior marriages: Yes

Any prior marriages that lasted at least 10 years: Yes
Any prior marriages that ended due to spouse's death: No
First prior spouse's name: ███████████████
First prior spouse's Social Security Number: ███████████
Know First prior Spouse's date of birth: Yes
First prior spouse's date of birth: ██████████████
First prior marriage began on: ████
First prior marriage type: Married by Clergy or Public Official
First prior marriage began in: ███████████████
First prior marriage ended in: █████████████████
First prior marriage ended on: ████████████████
First prior marriage ended because of: Divorce
First Prior spouse deceased after marriage ended: Yes
First Prior spouse date of death: █████████████
Second prior spouse's name: ████████████████
Second prior spouse's Social Security Number: UNKNOWN
Know Second prior Spouse's date of birth: Yes
Second prior spouse's date of birth: ███████████████
Second prior marriage began on: █████████████
Second prior marriage type: Married by Clergy or Public Official
Second prior marriage began in: ██████████
Second prior marriage ended in: ████████████████
Second prior marriage ended on: █████████████████
Second prior marriage ended because of: Divorce
Second Prior spouse deceased after marriage ended: No

Children
Any children who became disabled prior to age 22: No
Any unmarried children under age 18: No
Any unmarried children aged 18 to 19 still attending elementary or secondary
school (below college level) full time: No

General : Earnings

Employer Details
Worked or will work for an employer in 2012 or 2013: Yes
First Employer's name: ████████████████████
First Employer's address: ██████████████████████████████
First Employer - Date employment began: August 1997
First Employer - Date employment ended: September 2012

Self-Employment Details
Self-employed in 2012: No
Self-employed in 2013: No

Supplemental Information
Worked outside the Us: No
Prior spouse worked outside the US: No
Agree with earnings history as shown on Social Security statement: Yes
A Corporate Officer of employer: No
Related to a Corporate Officer of employer: No
Receive earnings from a Family Corporation or other closely held corporation:
No
Permission granted to contact employer(s) if necessary: Yes

Total Earnings
Total of all wages and tips in 2012: $ 70000
Earned wages and tips over $1220 in all months of 2012: No
Months of 2012 when earnings were less than $1220: December
Total of all wages and tips in 2013: $ 0
Earned wages and tips over $1220 in all months of 2013: No

Months of 2013 when earning less than $1220: January, February, March, April, May, June, July, August, September, October, November, December
Total earnings include any special payments paid in one year but earned in another: No

Other Pensions/Annuities
Ever worked in a job where Social Security taxes were not deducted or withheld? No
Prior spouse worked for the Railroad 5 years or more: No

General : When to Start Benefits

When to Start Retirement Benefits
Benefits to start in 10/2012: No
Benefits should start in: 12/2012
The specific reason this start date was selected: Currently working and plan to retire on this date

Direct Deposit Details
Account Type: Checking
Routing Number: ████████████
Account Number: ████████████

Other Benefits : Benefit Information

Benefit Information
Any previous application(s) for Medicare, Social Security, or Supplemental Security Income benefits: No

Remarks

Remarks
The following are your remarks: I estimated 2012 earnings, as this is the end of September and I am not sure what the earnings will be. Laid Off 9/2012 and last day working was 9/20/2012 but paid through 11/20/2012.

# Social Security

## Exempt Amounts Under The Earnings Test

Automatic Determinations

Determinations:
  Lower exempt amount
  Higher exempt amount

Exempt amounts in 1975-99

Indexed program amounts

How Work Affects Your Benefits

**How the earnings test works**

The retirement earnings test applies only to people below normal retirement age (NRA). Social Security withholds benefits if your earnings exceed a certain level, called a retirement earnings test exempt amount, *and* if you are under your NRA. One of two different exempt amounts apply — a lower amount in years before the year you attain NRA and a higher amount in the year you attain NRA. These exempt amounts generally increase annually with increases in the national average wage index.

It is important to note that any benefits withheld while you continue to work are not "lost". Once you reach NRA, your monthly benefit will be increased permanently to account for the months in which benefits were withheld.

**Exempt Amounts for 2021**

We determine the exempt amounts using procedures defined in the Social Security Act. For people attaining NRA *after 2021*, the annual exempt amount in 2021 is $18,960. For people attaining NRA *in 2021*, the annual exempt amount is $50,520. This higher exempt amount applies only to earnings made in months prior to the month of NRA attainment.

**Benefits Withheld When Earnings Exceed Exempt Amounts**

Exhibit 2, p. 1

We withhold $1 in benefits for every $2 of earnings in excess of the lower exempt amount. We withhold $1 in benefits for every $3 of earnings in excess of the higher exempt amount. Earnings in or after the month you reach NRA do not count toward the retirement test.

### Annual Retirement Earnings Test Exempt Amounts

| Year | Lower amount [a] | Higher amount [b] |
|------|------------------|-------------------|
| 2000 | $10,080 | $17,000 |
| 2001 | 10,680 | 25,000 |
| 2002 | 11,280 | 30,000 |
| 2003 | 11,520 | 30,720 |
| 2004 | 11,640 | 31,080 |
| 2005 | 12,000 | 31,800 |
| 2006 | 12,480 | 33,240 |
| 2007 | 12,960 | 34,440 |
| 2008 | 13,560 | 36,120 |
| 2009 | 14,160 | 37,680 |
| 2010 | 14,160 | 37,680 |
| 2011 | 14,160 | 37,680 |
| 2012 | 14,640 | 38,880 |
| 2013 | 15,120 | 40,080 |
| 2014 | 15,480 | 41,400 |
| 2015 | 15,720 | 41,880 |
| 2016 | 15,720 | 41,880 |

Exhibit 2, p. 2

Case 20-05108    Doc# 1    Filed 12/11/20    Page 18 of 40

| 2017 | 16,920 | 44,880 |
|------|--------|--------|
| 2018 | 17,040 | 45,360 |
| 2019 | 17,640 | 46,920 |
| 2020 | 18,240 | 48,600 |
| 2021 | 18,960 | 50,520 |

[a] Applies in years before the year of attaining NRA.

[b] Applies in the year of attaining NRA, for months prior to such attainment.

From 1983-1999 the higher exempt amounts applied at ages 65 through 69, as shown in our historical series of exempt amounts.

Exhibit 2, p. 3

# Social Security Administration
# Retirement, Survivors and Disability Insurance
Notice of Award

Mid-America Program Service Center
601 East Twelfth Street
Kansas City, Missouri 64106-2817
Date: October 9, 2012
Claim Number: ███████6862A

██████████████████████

CHARLOTTE A FARRAR
██████████████

You are entitled to monthly retirement benefits beginning October 2012.

**What We Will Pay And When**

- You will receive $1,371.00 for October 2012 around November 21, 2012.

- After that you will receive $1,371.00 on or about the third Wednesday of each month.

- These and any future payments will go to the financial institution you selected. Please let us know if you change your mailing address, so we can send you letters directly.

- The day of the month you receive your payments depends on your date of birth.

**Other Social Security Benefits**

The benefit described in this letter is the only one you can receive from Social Security. If you think that you might qualify for another kind of Social Security benefit in the future, you will have to file another application.

**Your Responsibilities**

Your benefits are based on the information you gave us. If this information changes, it could affect your benefits. For this reason, it is important that you report changes to us right away.

We have enclosed a pamphlet, "What You Need To Know When You Get Retirement Or Survivors Benefits". It tells you what must be reported and how to report.

Enclosure(s):
Pub 05-10077
Pub 05-10058

C

See Next Page

Exhibit 3, p.1



## Your Benefits May Be Taxed

You may have to pay taxes on the benefits you get from us.  Part of your Social Security benefits may be taxed if:

- you are single and your total income is more than $25,000 or
- you are married and you and your spouse have total income of more than $32,000.

You can decide if you want to have federal taxes withheld from your benefits.  If you want taxes withheld, you need to complete and return a Form W-4V, Voluntary Withholding Request.  You can get Form W-4V from the Internal Revenue Service by calling 1-800-829-3676.  You can also get this form at www.ssa.gov/planners/taxwithhold.htm on our website.  After you complete and sign the form, return it to your local Social Security office by mail or in person.

You can find more information on paying taxes in the enclosed pamphlet, "What You Need to Know When You Get Retirement or Survivors Benefits".

## Do You Disagree With The Decision?

If you disagree with this decision, you have the right to appeal.  We will review your case and consider any new facts you have.  A person who did not make the first decision will decide your case.  We will correct any mistakes. We will review those parts of the decision which you believe are wrong and will look at any new facts you have.  We may also review those parts which you believe are correct and may make them unfavorable or less favorable to you.

- You have 60 days to ask for an appeal.

- The 60 days start the day after you get this letter.  We assume you got this letter 5 days after the date on it unless you show us that you did not get it within the 5-day period.

- You must have a good reason for waiting more than 60 days to ask for an appeal.

- You have to ask for an appeal in writing.  We will ask you to sign a Form SSA-561-U2, called "Request for Reconsideration".  Contact one of our offices if you want help.

Please read the enclosed pamphlet, "Your Right To Question The Decision Made On Your Claim".  It contains more information about the appeal.

## If You Want Help With Your Appeal

You can have a friend, representative, or someone else help you.  There are groups that can help you find a representative or give you free legal services if you qualify.  There are also representatives who do not charge unless you win your appeal.  Your local Social Security office has a list of groups that can help you with your appeal.

Exhibit 3, p.2



If you get someone to help you, you should let us know. If you hire someone, we must approve the fee before he or she can collect it. And if you hire a representative who is eligible for direct pay, we will withhold up to 25 percent of any past due benefits to pay toward the fee.

## If You Have Any Questions

We invite you to visit our website at www.socialsecurity.gov on the Internet to find general information about Social Security. If you have any specific questions, you may call us toll-free at 1-800-772-1213, or call your local Social Security office at ▮▮▮▮▮▮▮▮. We can answer most questions over the phone. If you are deaf or hard of hearing, you may call our TTY number, 1-800-325-0778. You can also write or visit any Social Security office. The office that serves your area is located at:

SOCIAL SECURITY
▮▮▮▮▮▮▮▮▮▮▮▮

If you do call or visit an office, please have this letter with you. It will help us answer your questions. Also, if you plan to visit an office, you may call ahead to make an appointment. This will help us serve you more quickly when you arrive at the office.

Michael J. Astrue
Commissioner
   of Social Security

# Social Security Administration
# Retirement, Survivors and Disability Insurance
Notice of Award

Mid-America Program Service Center
601 East Twelfth Street
Kansas City, Missouri 64106-2817
Date: October 29, 2012
Claim Number: ███████6862A

CHARLOTTE A FARRAR

We are writing to let you know that you are entitled to monthly wife's benefits on claim number ████████ beginning October 2012.

## Your Benefits

We will send you both benefits in one check each month under your own claim number.

In your next payment, you will receive the difference between the benefits already paid and those now due.

## What We Will Pay

Your benefit is $89.00 as a widow. This is in addition to the benefit of $1,371.00 on your own earnings record.

- Your first payment is for $89.00.

- This is the money you are due through October 2012.

- Your next scheduled payment of $1,460.00, which is for November 2012, will be received on or about the third Wednesday of December 2012.

- After the first payment, you will receive $1,460.00 on or about the third Wednesday of each month.

Your monthly payments will go to the financial institution you selected.

## The Basis For Our Decision

Based on the information given to us, you were born on ████████ 1950.

Enclosure(s):
Pub 05-10077
Pub 05-10058

C

See Next Page


## Other Social Security Benefits

The benefits described in this letter are the only ones you can receive from Social Security. If you think that you might qualify for another kind of Social Security benefit in the future, you will have to file another application.

## Your Responsibilities

Your benefits are based on the information you gave us. If this information changes, it could affect your benefits. For this reason, it is important that you report changes to us right away.

We have enclosed a pamphlet, "What You Need To Know When You Get Retirement Or Survivors Benefits". It tells you what must be reported and how to report.

## Do You Think We Are Wrong?

If you disagree with this decision, you have the right to appeal. We will review your case and consider any new facts you have. A person who did not make the first decision will decide your case. We will correct any mistakes. We will review those parts of the decision which you believe are wrong and will look at any new facts you have. We may also review those parts which you believe are correct and may make them unfavorable or less favorable to you.

- You have 60 days to ask for an appeal.

- The 60 days start the day after you get this letter. We assume you got this letter 5 days after the date on it unless you show us that you did not get it within the 5-day period.

- You must have a good reason for waiting more than 60 days to ask for an appeal.

- You have to ask for an appeal in writing. We will ask you to sign a Form SSA-561-U2, called "Request for Reconsideration". Contact one of our offices if you want help.

Please read the enclosed pamphlet, "Your Right To Question The Decision Made On Your Claim". It contains more information about the appeal.

## If You Want Help With Your Appeal

You can have a friend, representative, or someone else help you. There are groups that can help you find a representative or give you free legal services if you qualify. There are also representatives who do not charge unless you win your appeal. Your local Social Security office has a list of groups that can help you with your appeal.

If you get someone to help you, you should let us know.  If you hire someone, we must approve the fee before he or she can collect it.  And if you hire a representative who is eligible for direct pay, we will withhold up to 25 percent of any past due benefits to pay toward the fee.

## If You Have Any Questions

We invite you to visit our website at www.socialsecurity.gov on the Internet to find general information about Social Security.  If you have any specific questions, you may call us toll-free at 1-800-772-1213, or call your local Social Security office at █████████     We can answer most questions over the phone.  If you are deaf or hard of hearing, you may call our TTY number, 1-800-325-0778.  You can also write or visit any Social Security office.  The office that serves your area is located at:

SOCIAL SECURITY
███████████████

If you do call or visit an office, please have this letter with you.  It will help us answer your questions.  Also, if you plan to visit an office, you may call ahead to make an appointment.  This will help us serve you more quickly when you arrive at the office.

Michael J. Astrue
Commissioner
    of Social Security

Exhibit 4, p.3

O M 6

# Social Security Administration
## Retirement, Survivors, and Disability Insurance
Important Information

Mid-America Program
Service Center
601 East Twelfth Street
Kansas City, Missouri 64106-2817
Date: July 30, 2014
Claim Number: ████6862 A



Charlotte A Farrar

We need the information listed below in connection with your
claim for Social Security benefits.

Please submit the information requested below, sign and date
this letter and return it in the enclosed envelope within 5
days.  If you do not use the enclosed envelope, please mail your
response to:

        Social Security Administration
        Mid-America Program Service Center
        601 East Twelfth Street
        Kansas City, Missouri  64106-2817

Earnings of $66,539.00 are posted to your Social Security record
for 2013.  Is this the correct amount of your earnings for 2013?

        (Yes)    No      (circle one)

If you answered no, please provide an explanation and any
supporting evidence available.

Please mark each month you did not earn more than $1,260.00 in
wages.  If you were self-employed, please indicate the number of
hours worked each month.  Complete this portion even if you
agree with the posted earnings.

2013

JAN  FEB  MAR  APR  MAY  JUN  JUL  AUG  SEP  OCT  NOV  DEC

|__| |__| |__| |__| |__| |__| |✓| |✓| |__| |__| |__| |__|

If we do not hear from you within 15 days, we will assume our
records are correct and that you worked in every month of that
year.

I certify that the above statements are true.  I know that
anyone who makes a false statement or representation of a

material fact for use in determining a right to payment under
the Social Security Act commits a crime punishable under federal
law.

████████████████

Daytime Telephone Number          Your Signature

                                  *Aug 1, 2014*
                                  Date Signed

*Social Security Administration*

████████████

Enclosure(s):
        Return Envelope

# Social Security Administration
# Retirement, Survivors and Disability Insurance
Notice of Change in Benefits

Mid-America Program Service Center
601 East Twelfth Street
Kansas City, Missouri 64106-2817
Date: October 19, 2015
Claim Number: ████6862A

CHARLOTTE A FARRAR

We are writing to give you new information about the retirement benefits which you receive on this Social Security record. In the rest of this letter, we will tell you:

- How we paid you $22,587.00 too much in benefits; and
- What to do if you think we are wrong about the overpayment.

**Your Benefits**

We paid you $22,587.00 for July 2013 through December 2014. Since we should have paid you $0.00 for July 2013 through December 2014, we paid you $22,587.00 more than you were due.

You reported $66,539.00 in work and earnings in 2013. Based on these we should have withheld all of your benefits but we only withheld $13,365.00.

We paid you $1,485.00 for July 2013 and August 2013, $1,507.00 from December 2013 through November 2014, and $1,533.00 for December 2014. We should have paid you $0.00 for all of these months.

You reported that you worked and earned $74,073.00 in 2014. Based on your wages, we should have withheld all of your benefits for that year.

We will pay you a monthly check of $1,386.00 until we start to collect the overpayment.

**How To Pay Us Back**

You should refund this overpayment of $22,587.00 within 30 days. Please make your check or money order payable to "Social Security Administration," and send it to us in the enclosed envelope. Include your claim number (as shown above) on your check or money order.

Enclosure(s):
Refund Envelope
SSA-3105

C

See Next Page


If we do not receive your refund within 30 days, we will hold back your full benefit starting with the payment you would normally receive about January 20, 2016. We will continue holding back your benefits until we recover the overpayment.

If you cannot refund the full overpayment now or cannot afford to have us hold back your full benefit, you may ask us to hold back a smaller amount each month. Contact us to discuss your plan for repaying the balance. You may need to show us proof of your assets, monthly income, and expenses.

## Do You Think We Are Wrong About The Overpayment?

You have certain rights with respect to this overpayment and its recovery.

1.   Right to Appeal:  If you disagree in any way with this overpayment determination, you have the right, within 60 days of the date you receive this notice, to request that the determination be reconsidered. If you request this independent review of the overpayment determination, please submit any additional information you have which pertains to the overpayment.

2.   Right to Request Waiver:  You also have the right to request a determination concerning the need to recover the overpayment.  An overpayment must be refunded or withheld from benefits unless both of the following are true:

     a.  The overpayment was not your fault in any way, and

     b.  You could not meet your necessary living expenses if we recovered the overpayment, or recovery would be unfair for some other reason.

If you request waiver, we may need a statement of your assets and monthly income and expenses.

If you request reconsideration and/or waiver within 30 days, the planned withholding of your benefit to recover the overpayment will not take place until your case is reviewed.  This review is described in more detail on the attached form SSA-3105, Important Information About Your Appeal and Waiver Rights.  The people in any Social Security office will be glad to help you complete the forms for requesting reconsideration (SSA-561-U2, Request for Reconsideration) and/or waiver (SSA-632-BK, Overpayment Recovery Questionnaire).

Even if you do not want to request reconsideration or waiver, please call, write or visit any Social Security office if you have questions or need more information.  Please take this letter with you if you do visit an office.  Unless we hear from you within 30 days, we will withhold your payment as shown above.

## Information About Medicare

We will continue to deduct Medicare premiums from your monthly checks.



## Your Responsibilities

If you earn earn more than $15,720.00 in 2015, please let us know right away, because it can affect the amount of benefits you are due.  You will also have to report how much you earned at the end of the year.

## Do You Think We Are Wrong?

If you do not agree with this decision, you have the right to appeal.  We will review your case and look at any new facts you have.  A person who did not make the first decision will decide your case.  We will review the parts of the decision that you think are wrong and correct any mistakes.  We may also review the parts of our decision that you think are right.  We will make a decision that may or may not be in your favor.

- You have 60 days to ask for an appeal.
- The 60 days start the day after you receive this letter.  We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.
- You must have a good reason if you wait more than 60 days to ask for an appeal.
- You can file an appeal with any Social Security office.  You must ask for an appeal in writing.  Please use our "Request for Reconsideration" form, SSA-561-U2.  You may go to our website at www.socialsecurity.gov/online/ to find the form.  You can also call, write, or visit us to request the form.  If you need help to fill out the form, we can help you by phone or in person.

## If You Want Help With Your Appeal

You can have a friend, representative, or someone else help you.  There are groups that can help you find a representative or give you free legal services if you qualify.  There are also representatives who do not charge unless you win your appeal.  Your local Social Security office has a list of groups that can help you with your appeal.

If you get someone to help you, you should let us know.  If you hire someone, we must approve the fee before he or she can collect it.  And if you hire a representative who is eligible for direct pay, we will withhold up to 25 percent of any past due benefits to pay toward the fee.

## Suspect Social Security Fraud?

Please visit http://oig.ssa.gov/r or call the Inspector General's Fraud Hotline at 1-800-269-0271 (TTY 1-866-501-2101).

## If You Have Questions

We invite you to visit our website at www.socialsecurity.gov on the Internet to find general information about Social Security. If you have any specific questions, you may call us toll-free at 1-800-772-1213, or call your local Social Security office at ████████ We can answer most questions over the phone. If you are deaf or hard of hearing, you may call our TTY number, 1-800-325-0778. You can also write or visit any Social Security office. The office that serves your area is located at:

SOCIAL SECURITY
████████████

If you do call or visit an office, please have this letter with you. It will help us answer your questions. Also, if you plan to visit an office, you may call ahead to make an appointment. This will help us serve you more quickly when you arrive at the office.

*Social Security Administration*

████████████████████████████████████████████████

```
1TRANS-KEY:  ████████████████████████████████
 TITLE II POST-ENTITLEMENT

 INPUT SSN:      ██████-6862
 PROCESS SSN:    ██████-6862
 RUN DATE:      05/15/15
 CATEGORY: >>> PROCESSING LIMITATION (70) <<<

 DUAL ENTITLEMENT INVOLVED FOR TRANSACTION BIC: █
 OTHER SSN: ██████████  OTHER BIC: █

 NO REMARKS FOR SSN: ██████-6862


 -----------------------------------------------------------------------
 -------
 REMARKS FOR OTHER SSN: ██████████

 BIC: █
 PROCESSING LIMITATION REASON(S)
 A68012 UNABLE TO PROCESS WITH MISSING D  MBR


 =======================================================================
 ======


  DE DATA
     DE BIC: █       OTHER SSN: ████████████      OTHER BIC:████
     DE BIC IS TRANSACTION BIC

  TRANSACTION STATUS DATA
     PROCESS SSN: ██████-6862 BIC: █
     PROCESSING STATUS: EXCEPTED - PROCESSING LIMITATION


  TRANSACTION DATA
     BIC: █  BN: CHARLOTTE ANN FARRAR INPUT DATE: 05/14/2015 RUN DATE:
 05/15/2015
     BUSINESS START DATE: 01/2014
     TRANSACTION SOURCE: ENFORCEMENT
     TRANSACTION EVENT: ENFORCEMENT ANNUAL REPORT

  ANNUAL REPORT DATA
     YEAR OF EARNINGS REPORT: 2014 AMOUNT OF REPORTED EARNINGS:    $74073
     TYPE OF EARNINGS REPORT: ENFORCEMENT ANNUAL REPORT
     TYPE OF WORK: DOMESTIC WAGES
     NON-WORK MONTHS: 1N 2N 3N 4N 5N 6N 7N 8N 9N 10N 11N 12N.
```

Exhibit 7, p. 1

# Social Security Administration
## Retirement, Survivors, and Disability Insurance
Notice of Overpayment

```
Mid-America Program
Service Center
601 East Twelfth Street
Kansas City, Missouri 64106-2817
Date: May 30, 2016
Claim Number:       -6862 A
```

CHARLOTTE A FARRAR

You received $18,395.20 more in Social Security benefits than you were due.

Based on your earnings for 2015, all of your benefits for that year should have been withheld. Since none of the benefits were withheld, you were overpaid $18,395.20.

However, the total overpayment is $40,982.20, which includes a prior overpayment of $22,587.00.

Due to your recent bankruptcy filing, we will not take any action to recover your new overpayment of $18,395.20 or your prior overpayment of $22,587.00 at this time.

### If You Think You Should Not Have To Pay Us Back

You may not have to pay us back. Sometimes we can waive the collection of an overpayment, which means you will not have to pay us back. For us to waive the collection of your overpayment two things must be true.

- It was not your fault that you got too much Social Security money.

AND

- Paying us back would mean you cannot pay your bills for food, clothing, housing, medical care, or other necessary expenses, or it would be unfair for some other reason.

If you think these are true about you, contact any Social Security office. You can ask for waiver at any time by filling out the waiver form. The form number is SSA-632-BK. We will not collect the overpayment while we decide if we can waive collection. If you ask for waiver in the next 30 days, we will not withhold benefits until we decide if we can waive collection.

SEE NEXT PAGE

Exhibit 8, p.1

You may need to show us proof of your monthly income, expenses, and assets.  Examples are pay stubs, pension records, rent receipts, utility bills and bank statements.

### If You Disagree With The Decision

If you disagree with the decision, you have the right to appeal.  A person who did not make the first decision will decide your case.  We will review your case again and consider any new facts you have.

- You have 60 days to ask for an appeal.  If you ask in the next 30 days, you will not have to pay us back until we decide your case.

- Both the 30- and 60-day periods start the day after you receive this letter.  We assume you got this letter 5 days after the date on it, unless you show us that you did not get it within the 5-day period.

- You must have a good reason if you wait more than 60 days to ask for an appeal.

- You have to ask for an appeal in writing.  We will ask you to sign a form called "Request for Reconsideration."  The form number is SSA-561-U2.  To get this form, contact one of our offices.  We can help you fill out the form.

We are enclosing a pamphlet called "Important Information About Your Appeal and Waiver Rights."  Please be sure to read it.

Even if you do not want to request reconsideration or waiver, call us at 1-800-772-1213 if withholding of the monthly payment will cause hardship.  Unless we hear from you within 30 days, we will withhold the benefit as shown above.

### If You Want Help With Your Appeal

You may choose to have a representative help you.  We will work with this person just as we would work with you.  If you decide to have a representative, you should find one quickly so that person can start preparing your case.

Many representatives charge a fee only if you receive benefits.  Others may represent you for free.  Usually, your representative may not charge a fee unless we approve it.  Your local Social Security office can give you a list of groups that can help you find a representative.

If you get a representative, you or that person must notify us in writing.  You may use our Form SSA-1696 "Appointment of Representative." Any local Social Security office can give you this form.

SEE NEXT PAGE

Exhibit 8, p.2

**Suspect Social Security Fraud?**

 Please visit http://oig.ssa.gov/r or call the Inspector
 General's Fraud Hotline at 1-800-269-0271 (TTY 1-866-501-2101).

**If You Have Questions**

 We invite you to visit our website at www.socialsecurity.gov on
 the Internet to find general information about Social Security.
 If you have any specific questions, you may call us toll-free
 at 1-800-772-1213, or call your local Social Security office at
 ████████████.  We can answer most questions over the phone.
 If you are deaf or hard of hearing, you may call our TTY
 number, 1-800-325-0778.  You can also write or visit any Social
 Security office.  The office that serves your area is located
 at:

                          SOCIAL SECURITY
                          ████████████████

 If you do call or visit an office, please have this letter with
 you.  It will help us answer your questions.  Also, if you plan
 to visit an office, you may call ahead to make an appointment.
 This will help us serve you more quickly when you arrive at the
 office.

                    *Social Security Administration*

Enclosure(s):
       Form SSA-3105

Exhibit 8, p.3

**SO ORDERED.**

**SIGNED this 20th day of June, 2016.**



_____
Robert E. Nugent
United States Chief Bankruptcy Judge
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | Bankr. Case No. 16-10072 |
| CHARLOTTE FARRAR, | ) | |
| | ) | Chapter 13 |
| Debtor. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Case No. 16-5057 |
| | ) | |
| CHARLOTTE FARRAR, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>AGREED JOURNAL ENTRY OF JUDGMENT</u>**

This matters comes on without hearing on an adversary action brought by the United States

of America, on behalf of the Social Security Administration ("SSA"), against the

Debtor-Defendant Charlotte Farrar. The Debtor-Defendant, Charlotte Farrar, appears by and

through counsel Rick Hodge. SSA appears by and through its attorney Jason E. Oller, Assistant

Untied States Attorney for the District of Kansas. There are no other appearances. After

Exhibit 9, p.1

reviewing the pleadings, being duly advised in the premises, and being informed of the parties'

representation, the Court makes the following findings:

1.     The United States requested that the Court deny Debtor-Defendant a discharge of

the debt owed to the SSA, in accordance with 11 U.S.C. § 523(a)(2)(A) and 1328(a)(2).

2.     Debtor-Defendant has reviewed the allegations in the United States' adversary

complaint, admits those allegations, and voluntarily stipulates to judgment on the merits in favor

of the United States.

3.     SSA had originally alleged an overpayment in the amount of $22,587.00, but after

filing the adversary complaint, SSA discovered that Debtor-Defendant has an additional

overpayment of $18,395.20 for 2015 that arises from the facts and circumstances alleged in SSA's

complaint.

4.     Debtor-Defendant stipulates that SSA has a debt of at least $40,982.20, which is

excepted from discharge under 11 U.S.C. § 523(a)(2)(A) and § 1328(a)(2).

5.     SSA and Debtor-Defendant stipulate that Debtor-Defendant's $40,982.20 debt to

SSA was incurred based on false pretenses, a false representation, or actual fraud, and that this

judgment shall not be dischargeable in this or any subsequent bankruptcy proceeding.

6.     SSA and Debtor-Defendant acknowledge that SSA is an unsecured creditor in

Debtor-Defendant's Chapter 13 action and that, during the pendency of her Chapter 13 action,

SSA will accept any distributions Debtor-Defendant makes to SSA under the terms of

Exhibit 9, p.2

Debtor-Defendant's confirmed Chapter 13 plan as partial payment for Debtor-Defendant's nondischargable debt to SSA.

6.      Within 30 days after completion or dismissal of Debtor-Defendant's Chapter 13 action, Debtor-Defendant stipulates that she will contact SSA directly at either (1) her local Social Security field office, or (2) the Mid-America Program Service Center ((800) 821-5012), and shall arrange to repay the remaining balance of her debt directly to SSA (post-plan payments). Debtor-Defendant shall make monthly post-plan payments to SSA of at least $300 until her nondischargable debt to SSA is satisfied in full.

7.      After completion or dismissal of Debtor-Defendant's Chapter 13 action, if Debtor-Defendant collects Social Security retirement or disability benefits, Debtor-Defendant agrees that SSA is entitled to automatically withhold up to $300 from her monthly benefit payments as a post-plan payment until her nondischargable debt to SSA is satisfied in full.

8       If, after completion or dismissal of Debtor-Defendant's Chapter 13 action, (1) Debtor-Defendant does not collect Social Security retirement or disability benefits during a month, (2) Debtor-Defandant's Social Security retirement or disability benefits are less than $300 per month, or (3) SSA withholds less than $300 from Debtor-Defendant's Social Security retirement or disability benefits during a month, Debtor-Defendant agrees that she will pay the remaining amount of the monthly post-plan payment by personal check, cashier's check, or money order payable to "Social Security Administration" and annotated with Debtor-Defendant's Social Security Number.   All such post-plan payments shall be sent to the following address:

Exhibit 9, p.3

> Social Security Administration
> MATPSC
> P.O. Box 2861
> Philadelphia, PA 19122

or to another address if directed by SSA.

9.      SSA and Debtor-Defendant agree that if Debtor-Defendant fails to make any monthly post-plan payment within 15 days of the due date, or if any check is returned to SSA for non-sufficient funds, Debtor-Defendant shall be deemed to be in default of the stipulations made in this Agreed Journal Entry of Judgment.   If Debtor-Defendant defaults, SSA shall be entitled to take any action it deems appropriate to enforce collection of the entire unpaid portion of this judgment, including the collection of accrued interest from the date of the judgment at the statutory rate provided in 28 U.S.C. § 1961.

10.      After Debtor-Defendant's Chapter 13 action has concluded, the United States may utilize the Treasury Offset Program and apply any government payments, such as income tax refunds, towards satisfaction of the judgment.

11.      Debtor-Defendant agrees that if she dies prior to full satisfaction of this judgment to the United States, SSA shall have a claim against her estate for the remaining amount owed to SSA.   This claim shall be given priority over other claims pursuant to 31 U.S.C. § 3713.

IT IS THEREFORE BY THE COURT CONSIDERED, ORDERED, ADJUDGED, AND DECREED that the above stipulations and agreement represented herein are binding on the parties and that Debtor-Defendant's debt to the SSA in the amount of $40,982.20 is deemed not dischargeable under 523(a)(2)(A) and 1328(a)(2).   Each party shall bear their own costs

4

Exhibit 9, p.4

associated with this action.

# # #

Jointly submitted and approved by:

THOMAS E. BEALL
Acting United States Attorney

/s Jason E. Oller
Jason E. Oller, KS S. Ct. No. 24341
Assistant U.S. Attorney
500 State Ave., Suite 360
Kansas City, Kansas 66101
Telephone:    913-551-6560
Facsimile:     913-551-6599
Email: jason.oller@usdoj.gov
Attorneys for Plaintiff United States of America

/s Rick E. Hodge
RICK E. HODGE, JR.
700 N. Market
Wichita, Kansas 67214
Telephone: (316) 448-1028
Facsimile: (316) 448-0303
Email: rick@rickhodge.com
Attorney for Debtor-Defendant Charlotte Farrar